206 A.2d 527.

### RHODE ISLAND ASSOCIATION FOR THE BLIND *vs.*
### J. JOSEPH NUGENT *et al.*

JANUARY 26, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

POWERS, J. This is a bill in equity praying for construction of a certain provision of the last will and testament of Mary P. Tillinghast, who died testate on January 22, 1926. When the cause was ready for hearing for final decree in the superior court, it was certified to this court for our determination in accordance with G. L. 1956, §9-24-28.

The bill was amended, a guardian ad litem appointed, the same individual being appointed attorney for those in the armed services of the United States, and thereafter answers were filed by the attorney general and by the

guardian ad litem in his dual capacity. A decree pro confesso was entered against all other respondents.

From the amended bill, answers and evidence the following facts were established.

Mary P. Tillinghast, a resident of the then town of Warwick, executed her last will and testament on May 4, 1925 and thereafter, on September 19, 1925, executed a codicil revoking the fourth clause in her will and substituting therefor a new fourth clause which is now before us for construction. The exact terms of the pertinent clause will be set forth hereafter.

It further appears that at the time the codicil was executed there was in existence a voluntary, unincorporated charitable organization which functioned under the name of "Rhode Island Association for Promoting Interest for the Blind." On December 1, 1925 the instant complainant was incorporated as the "Rhode Island Association for the Blind" and shortly thereafter carried on the work in which its unincorporated predecessor had been engaged.

It is undisputed that the treasurer of the unincorporated association became treasurer of complainant; that complainant took over the offices of the unincorporated society, together with a workshop known as the "Outlook Shop" in which a number of blind persons were gainfully employed; and that on March 27, 1926, the funds of the unincorporated association on deposit in the Rhode Island Hospital Trust Company were transferred to complainant.

Mrs. Helen W. Worden, complainant's executive director, further testified from financial records kept by the unincorporated association and delivered by its officers to complainant that the payroll of the blind persons employed at the "Outlook Shop" disclosed that they were last paid by the unincorporated association on March 27, 1926, the date on which the bank deposit was transferred. It is significant to note that this was more than two months after the death of the testatrix.

Mrs. Worden also testified that it was not until complainant decided to sell the undivided half interest which it believed it had in fee simple in the property devised that a question arose in connection with its title.

Camilo Rodriguez, husband of the testatrix' niece Margaret, testified that he had been well acquainted with the testatrix who at the time of her death was survived by her husband Albert K. Tillinghast, a sister Louise S. Martin, a niece Margaret Rodriguez, and a nephew S. Knowles Martin. The neice and nephew were the only children of Louise S. Martin, the testatrix' only heir-at-law.

He further testified that "the grandfather" had been blind; that the testatrix therefore was interested in the blind generally and in charitable organizations engaged in promoting the welfare of the blind; and that during her lifetime she had made financial contributions to such organizations.

The record further discloses that the testatrix at the time of the execution of her last will and at her death was the owner of a house located at 288 Spencer avenue, Warwick. By the terms of the fourth clause as amended by the codicil, she created successive life estates in that particular property in her husband, her niece Margaret, and her sister Louise S. Martin, in that order.

The niece and the sister were authorized to sell the property if either as a life tenant deemed it advisable, in which event the proceeds were to be put in trust with the net income therefrom going to the tenant for life and the remainder to the Rhode Island Association for Promoting Interest for the Blind and the Society for the Prevention of Cruelty to Animals. It appears that none of the life tenants disposed of the property and upon the death of the sister in 1961 the property passed to the remaindermen as provided in the codicil. The pertinent language of said codicil is as follows:

"Upon the death of my said niece and my said sister or in case both of them shall not be living at the time the provision herein made for them shall take effect, it is my Will that the trustee, if there be one, shall transfer the principal of said trust estate, free and clear of any trust, or if there be no trustee, that said house and land shall go in equal shares to the Rhode Island Association For Promoting Interest For The Blind, located at Providence, Rhode Island, and the Society For The Prevention Of Cruelty To Animals, a corporation located in said Providence."

At the close of the testimony in the superior court the cause was certified to this court for our determination. The following questions have been briefed and argued although they do not appear in the order of certification:

"(1) Is the Complainant, Rhode Island Association For The Blind, the owner in fee of an undivided one-half ($\frac{1}{2}$) interest in the house and land situated on Spencer Avenue, in the City of Warwick, Rhode Island, under the devise of said real estate by Paragraph First of the Codicil, dated September 19, 1925, to the Will of Mary P. Tillinghast?"

If answer to No. 1 is in the negative, then:—

"(2) Does the devise of the house and land situated on Spencer Avenue, in the City of Warwick, State of Rhode Island, under Paragraph First of the Codicil, dated September 19, 1925, to the Will of Mary P. Tillinghast, disclose a general charitable intent so as to permit the application of the Cy-Pres rule?"

The complainant urges that the codicil should be so construed as to answer the first question in the affirmative. It argues that the evidence clearly shows that it became the successor to the original unincorporated association and calls our attention to decisions in several other jurisdictions which, complainant contends. are somewhat analogous. An examination of these cases, however, persuades us that they are not helpful.

The remainder clearly vested at the death of the testatrix on January 22, 1926. *Sawyer* v. *Poteat,* 90 R. I. 51,

and *Hayden for an Opinion,* 51 R. I. 117. At that time the unincorporated association was in existence and functioning. The evidence discloses that for at least two months after the testatrix' death it was conducting what appears to have been its principal if not sole enterprise, namely, the "Outlook Shop."

In *Guild* v. *Allen,* 28 R. I. 430, this court held that the legal effect of a gift to a voluntary, unincorporated association is a gift to its individual members. The court further held that if not expressed to be in trust nor impressed with any use, charitable or otherwise, the gift was to the individual members absolutely. Thus, if no general charitable use was impressed on the gift over in the instant cause, the one-half interest in the testatrix' property passed to the individual members of the "Rhode Island Association for Promoting Interest for the Blind."

If, however, it appears to have been the intent of the testatrix to impress the property with a charitable use so as to preclude a taking by the individual members or their heirs, such intention must prevail and, even though the members in the aggregate are incapable of holding the property in trust for the purposes intended by the testatrix, the court will appoint a trustee to carry out such intention. *Guild* v. *Allen, supra; Wood* v. *Trustees of the Fourth Baptist Church,* 26 R. I. 594.

In either event, however, complainant's contention as to the first question is without merit and it is therefore answered in the negative.

It is obvious that the answer to the second question determines whether the property devised passed to the individual members of the "Rhode Island Association for Promoting Interest for the Blind" absolutely or precludes them from taking because the devise discloses a dominant general charitable intention. In our judgment, this question must be answered in the affirmative because of several factors having strong probative force.

The testatrix devised equal shares to the unincorporated association and to the Society for the Prevention of Cruelty to Animals as remaindermen in fee simple. The charitable nature of the second-named beneficiary is so well established as to be common knowledge. She coupled these two organizations in a single devise, giving to them as remaindermen title in fee simple to property in which she gave but life estates to three of the four people who were the natural objects of her bounty. Parenthetically, the testatrix had made the nephew a beneficiary in a separate trust. He died, however, in 1927. It would be strange indeed, and not at all probable, that she would give but a limited interest to her husband or next of kin in order to give one half of the fee to charity and the other half to an undetermined, if indeed determinable, number of individuals she might never have known.

Certainly these circumstances create a situation which at least requires looking into further to determine whether such unknown individuals or some charitable use were the intended recipients of her bounty.

Looking then to the testimony of Camilo Rodriguez and Helen W. Worden, we find that the testatrix had a personal interest in the welfare of the blind; that she made financial contributions to promote their welfare; that at least some if not all of such contributions were made to the unincorporated association named in her will; and that it was actively dedicated to the charitable work for which such contributions were made.

In the light of all these circumstances, we are impelled to conclude that the gift to the "Rhode Island Association for Promoting Interest for the Blind" was a charitable use; that it lapsed by reason of the termination of the existence of the unincorporated association subsequent to the testatrix' death; that she had a dominant purpose to devote one half of the specific devise in question to general charities of the type represented by the purposes for which the

Rhode Island Association for the Blind was organized; that this general charitable intent cannot be carried out by the particularly named "Rhode Island Association for Promoting Interest for the Blind"; and that its share of the charity should be administered cy pres by the superior court. *Rhode Island Hospital Trust Co.* v. *Williams,* 50 R. I. 385, 393.

On February 1, 1965, the parties may present to this court for our approval a form of decree, in accordance with this opinion, to be entered in the superior court.

*Higgins & Slattery, Eugene V. Higgins,* for complainant.

*Harold S. Moskol,* Special Assistant to the Attorney General, for J. Joseph Nugent.

*Joseph G. Kinder,* Guardian Ad Litem, and for Persons in the Armed Services, respondents.